**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:23-CV-21378-RUIZ/BECERRA**

CRAIG BUREY,

                Plaintiff,

    v.

NOMI HEALTH, INC., SBP STAFFING
AND RECRUITING LLC, SB PORT
VENTURES LLC, and TRIXIE BELLO-
OSAGIE,

                Defendants.

## DEFENDANT NOMI HEALTH, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Nomi Health, Inc. ("Nomi"), by and through undersigned counsel, hereby files this Answer to Plaintiff Craig Burey's Complaint (Dkt. 1). No incidental or implied admissions should be inferred from Nomi's responses. To the extent the allegations within the Complaint are not expressly admitted below, they are hereby denied.

***Parties, Jurisdiction, and Venue***

**COMPLAINT ¶1:**

**Plaintiff, Craig Burey**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

**ANSWER:**

Nomi denies the allegations in Paragraph 1.

**COMPLAINT ¶2:**

Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

**ANSWER:**

Nomi denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff was a non-exempt employee of the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Plaintiff consents to participate in this lawsuit.

**ANSWER:**

Nomi is without personal knowledge sufficient to admit or deny the allegations in

Paragraph 4, and therefore denies the same.

**COMPLAINT ¶5:**

**Defendant, NoMi** [sic] **Health, Inc. ("Nomi")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Nomi conducted its healthcare testing and treatment business in numerous location*s*, including in this District, at all times material.

**ANSWER:**

Nomi admits that it is a foreign for-profit corporation authorized to conduct business in

Florida. Nomi states that the phrase "at all times material" is vague, ambiguous, and

unintelligible, and denies the second sentence of Paragraph 5 for that reason. Nomi denies any

remaining allegations in Paragraph 5.

**COMPLAINT ¶6:**

**Defendant, SBP Staffing and Recruiting LLC ("SBP Staffing")**, is a Florida limited liability company authorized to conduct its business in Florida and is sui juris. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 6 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 6, and therefore denies the same.

**COMPLAINT ¶7:**

**Defendant, SB Port Ventures LLC ("SBP")**, is a Florida limited liability company authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 7 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 7, and therefore denies the same.

**COMPLAINT ¶8:**

Defendant, Trixie Belo-Osagie, was at all times material an owner/officer/director/manager of SBP Staffing and SBP, for the time period relevant to this lawsuit. She ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages

**ANSWER:**

Nomi states that the phrases "at all times material" and "the time period relevant" are vague, ambiguous, and unintelligible, and denies the first sentence of Paragraph 8 for that reason. Nomi states that it is without information sufficient to admit or deny the remaining allegations in Paragraph 8, and therefore denies the same.

**COMPLAINT ¶9:**

Defendants were Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. § 203 (d).

**ANSWER:**

Nomi denies the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate the training sessions that Plaintiff was required to attend.

**ANSWER:**

Nomi denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate schedules Plaintiff was required to work by instructing him on when and where to work and the job duties they expected him to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Defendants, SBP Staffing and SBP paid Plaintiff for the work he performed.

**ANSWER:**

Nomi is without information sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the same.

**COMPLAINT ¶13:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], established the policies and procedures that Plaintiff was to follow in his work.

**ANSWER:**

Nomi denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Defendants jointly employed Plaintiff within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff.

**ANSWER:**

Nomi denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

**ANSWER:**

Nomi denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

This Court has original jurisdiction over Plaintiffs federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

**ANSWER:**

Nomi states that Paragraph 16 constitutes a legal conclusion, to which no response is

required.

*FLSA Jurisdictional Allegations*

**COMPLAINT ¶17:**

Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

**ANSWER:**

Nomi denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Defendant, Nomi, engaged in interstate commerce by providing staffing services in locations in different states, including in Florida, and paying personnel working in Florida and other states.

**ANSWER:**

Nomi denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

**ANSWER:**

Nomi denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printers and copier toner, and other materials and supplies to engage in interstate commerce.

**ANSWER:**

Nomi denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each fiscal quarter.

**ANSWER:**

Nomi states that the term "the relevant time" is vague, ambiguous, and unintelligible, and denies the corresponding portion of Paragraph 21 for that reason. Nomi denies any remaining allegations in Paragraph 21.

*Factual Allegations*

**COMPLAINT ¶22:**

Defendants provided COVID-19 testing and vaccination [sic] at various sites throughout Florida using a workforce comprised almost entirely of independent contractors on which they relied to carry out the duties they contractually obligated themselves to undertake in Florida for various state, municipal, and local governmental entities.

**ANSWER:**

Nomi denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff worked for the Defendants from approximately March 22, 2021, to April 3, 2023.

**ANSWER:**

Nomi denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

To the extent that records exist regarding the exact dates of his employment exist [sic], such records are in the exclusive custody of Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Plaintiff is a Registered Nurse ("RN") who worked for the Defendants with different job titles, including as particular as an "Staff RN", an "Incident Commander", a "Clinical Lead", an as a "County Manager" at various locations in this District.

**ANSWER:**

Nomi states that it is without information sufficient to admit or deny whether Plaintiff is currently a Registered Nurse. Nomi denies the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

Plaintiff utilized the tools, materials, and supplies provided to him by the Defendants at the locations, dates, and times designed by Defendants to perform the work that Defendants instructed him to perform and which they supervised and directed him to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

**ANSWER:**

Nomi states that Paragraph 28 is vague, ambiguous, and unintelligible, insofar as it fails to specify the "conditions precedent" referenced, and therefore Nomi denies the same. Nomi further expressly denies that it has waived any condition precedent.

**COMPLAINT ¶29:**

Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**ANSWER:**

Nomi is without information sufficient to admit or deny the allegations in Paragraph 29, and therefore denies the same.

*Liability Allegations*

**COMPLAINT ¶30:**

Defendants assigned Plaintiff the work he was to perform, including where, when, and the hours he was to perform the work.

**ANSWER:**

Nomi denies the allegation in Paragraph 30.

**COMPLAINT ¶31:**

Defendants required Plaintiff to attend training sessions, identifying where and when he was to attend them, and provided the information and materials on which they would train him.

**ANSWER:**

Nomi denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Plaintiff regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Defendants required Plaintiff to log in and out of work through online time-tracking applications.

**ANSWER:**

Nomi denies the allegations in Paragraph 33.

**COMPLAINT ¶34:**

For his work for Defendants from March 22, 2021, through April 18, 2021, and again from June 28, 2021, through July 11, 2021, Defendants paid Plaintiff overtime wages for the time he worked beyond 40 hours in a workweek.

**ANSWER:**

Nomi is without information sufficient to admit or deny whether SBP Staffing and Recruiting LLC, SB Port Ventures LLC, or Trixie Belo-Osagie provided any overtime compensation to Plaintiff from March 22, 2021, though April 18, 2021, or June 28, 2021, through July 11, 2021, for any hours worked for those parties beyond 40 in a workweek, and

therefore denies Paragraph 34 to that extent. Nomi denies the remaining allegations in Paragraph

34.

## COMPLAINT ¶35:

Although Defendants paid Plaintiff hourly from March 7, 2022, through April 9, 2023, Defendants did not pay him at a time and one-half his regular hourly rate for the hours he worked beyond 40 in a workweek.

## ANSWER:

Nomi is without information sufficient to admit or deny whether SBP Staffing and

Recruiting LLC, SB Port Ventures LLC, or Trixie Belo-Osagie paid Plaintiff time-and-a-half for

any hours worked for those parties beyond 40 in a workweek between March 7, 2022, and April

9, 2023, and therefore denies Paragraph 35 to that extent. Nomi admits that it did not personally

pay Plaintiff time-and-a-half for hours over 40 in a workweek between March 7, 2022, and April

9, 2023. Nomi denies any remaining allegations in Paragraph 35.

## COUNT I – FLSA OVERTIME VIOLATION
### (AGAINST NOMI HEALTH, INC.)

Plaintiff; Craig Burey, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

## ANSWER:

Nomi incorporates and reasserts its responses to all preceding paragraphs.

## COMPLAINT ¶36:

Defendant, Nomi, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

## ANSWER:

Nomi admits that it did not personally pay an overtime rate to Plaintiff. Nomi, however,

expressly denies that Plaintiff was its employee or that Nomi had any obligation to pay Plaintiff

any sums. Nomi denies all remaining allegations in Paragraph 36.

**COMPLAINT ¶37:**

Defendant, Nomi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked as a non-exempt hourly employee during the past three years.

**ANSWER:**

Nomi denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendant, Nomi, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Defendant Nomi either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi denies the allegations in Paragraph 40.

## COUNT II – FLSA OVERTIME VIOLATION
### (AGAINST SBP STAFFING AND RECRUITING LLC)

Plaintiff; Craig Burey, reincorporates and realleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 35.

**COMPLAINT ¶41:**

Defendant, SBP Staffing, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 41 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶42:**

Defendant, SBP Staffing engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked as a nonexempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 42 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶43:**

Defendant, SBP Staffing, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 43 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶44:**

Defendant SBP Staffing either knew from prior experience or recklessly failed to investigate whether it failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 44 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶45:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 45 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

## COUNT III – FLSA OVERTIME VIOLATION
### (AGAINST SB PORT VENTURES LLC)

Plaintiff, Craig Burey, reincorporates and realleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 35.

**COMPLAINT ¶46:**

Defendant, SBP, failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 46 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶47:**

Defendant, SBP engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked as a non-exempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 47 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶48:**

Defendant, SBP, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 48 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶49:**

Defendant, SBP either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate (s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 49 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶50:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 50 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

<u>**COUNT IV – FLSA OVERTIME VIOLATION**</u>
<u>**(AGAINST TRIXIE BELLO-OSAGIE**</u>

Plaintiff, Craig Burey, reincorporates and realleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates and reasserts its responses to paragraphs 1 through 35.

**COMPLAINT ¶51:**

Defendant, Ms. Belo-Osagi [sic], failed and refused to pay Plaintiff an overtime rate of one and one-half times his regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 51 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶52:**

Defendant, Ms. Belo-Osagi [sic] engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and her other employed registered nurses overtime wages of one and one-half times his regular hourly rate(s) of pay for the overtime hours he worked as a nonexempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 52 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶53:**

Defendant, Ms. Belo-Osagi [sic], was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, she still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 53 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶54:**

Defendant Ms. Belo-Osagi [sic] either knew from prior experience or recklessly failed to investigate whether her failure to pay Plaintiff overtime wages of one and one-half times his regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct her violations of the FLSA timely.

**ANSWER:**

Nomi states that Paragraph 54 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶55:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 55 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**PRAYER FOR RELIEF**
**(ALL COUNTS)**

WHEREFORE Plaintiff, Craig Burey, demands the entry of a judgment in his favor and against Defendants, NoMi [sic] Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi [sic], on all counts, jointly and severally after trial by jury, and as follows:

a.   That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(h);

b.   That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.   That Plaintiff recover all interest allowed by law;

e.   That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.   Such other and further relief as the Court deems just and proper.

**ANSWER:**

Nomi denies any allegations in Plaintiff's Prayer for Relief, and denies that Plaintiff is entitled to any relief whatsoever.

### DEMAND FOR JURY TRIAL

Plaintiff, Craig Burey, demands a trial by jury of all issues so triable.

**ANSWER:**

Nomi denies that Plaintiff has a right to a jury trial on the claims alleged.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Nomi asserts the following additional defenses. In asserting these defenses, Nomi does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims fail as a matter of law because Nomi did not employ him, either directly or jointly, in whole or in part, with respect to the claims asserted in the Complaint.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they may fall outside of the applicable statutes of limitations.

### FOURTH DEFENSE

Nomi asserts that the claims of Plaintiff are barred because any recovery would result in the unjust enrichment of Plaintiff.

**FIFTH DEFENSE**

Nomi states, in the alternative, if necessary, that its and any other Defendant's actions with respect to Plaintiff were taken in good faith conformity with and in reliance on one or more administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

**SIXTH DEFENSE**

Nomi's actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiff is therefore not entitled to liquidated damages.

**SEVENTH DEFENSE**

The claims of Plaintiff are barred, in whole or in part, to the extent the doctrines of res judicata and/or collateral estoppel apply.

**EIGHTH DEFENSE**

The claims of Plaintiff are barred, in whole or in part, to the extent the doctrine of accord and satisfaction applies.

**NINTH DEFENSE**

The claims of Plaintiff are barred, in whole or in part, to the extent the doctrines of payment and release, or settlement and release, apply.

**TENTH DEFENSE**

The claims of Plaintiff are barred, in whole or in part, to the extent the doctrine of waiver applies.

**ELEVENTH DEFENSE**

Nomi states that, in the alternative, if necessary, Plaintiff received full payment for all work performed, thereby barring her claims; alternatively, Nomi is entitled to an offset of any amount of relief claimed by Plaintiff based on compensation previously paid by any Defendant (or any other entity) for any hours when he was not performing work, for any overpayment, for premiums paid, for any other compensation he would not have received if her allegations are proven to be true, or on any other basis for such offset.

**TWELFTH DEFENSE**

Nomi states that, in the alternative, if necessary, the claims of Plaintiff are barred to the extent the allegedly uncompensated time is *de minimis*.

**THIRTEENTH DEFENSE**

Nomi states that, in the alternative, if necessary, if it has failed to pay individuals for any of the activities alleged, the claims of Plaintiff are barred to the extent such activities do not constitute compensable work under the FLSA.

**FOURTEENTH DEFENSE**

Nomi states that, in the alternative, if necessary, the claims of Plaintiff are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is, therefore, not compensable.

**FIFTEENTH DEFENSE**

To the extent Plaintiff was paid for hours worked in excess of 40 hours in a week, his overtime claims are barred and Nomi is entitled to a credit relating to the same.

## SIXTEENTH DEFENSE

To the extent Nomi subsequently learns that Plaintiff entered into an arbitration agreement covering the claims asserted in this matter, Plaintiff's claims are barred in this forum.

## PRAYER

Nomi prays that Plaintiff's Complaint be dismissed; that Nomi be awarded its costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Nomi be granted such other and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the same on all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley
