**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-21378-RAR**

CRAIG BUREY,

        Plaintiff,

v.

NOMI HEALTH, INC., SBP STAFFING
AND RECRUITING LLC, SB PORT
VENTURES LLC and TRIXIE BELO-
OSAGIE,

        Defendants.

_____/

**DEFENDANTS SBP STAFFING AND RECRUITING LLC AND SB PORT VENTURES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

        Defendants, SBP Staffing and Recruiting LLC ("SBP") and SB Port Ventures LLC ("SB Port"), by and through their undersigned counsel, hereby file their Answer and Defenses to Plaintiff, Craig Burey's ("Plaintiff") Complaint, and states as follows:

**RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"**

1.      SBP and SB Port lack sufficient knowledge or information to admit or deny the allegation that Plaintiff was and is at all material times a *sui juris* resident of Miami-Dade County, Florida, and therefore deny the same.

2.      Denied.

3.      Denied.

4.      SBP and SB Port lack sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore deny the same.

5.      SBP and SB Port lack sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore deny the same.

6.      SBP admits that it is a Florida limited liability company authorized to conduct business in Florida. SBP and SB Port deny the remaining allegations in this Paragraph.

7.      SB Port admits that it is a Florida limited liability company authorized to conduct business in Florida. SBP and SB Port deny the remaining allegations in this Paragraph.

8.      Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

9.      SBP and SB Port neither admit nor deny the allegation that all "Defendants were Plaintiff's employer," as it calls for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

10.     Denied.

11.     Denied.

12.     SBP and SB Port admit only that they each paid Plaintiff for work he performed for each of them individually.  SBP and SB Port deny the remaining allegations contained in this Paragraph.

13.     Denied.

14.     SBP and SB Port neither admit nor deny the allegation that all Defendants jointly employed Plaintiff within the meaning of 29 C.F.R §791.2, as it calls for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

15.     SBP and SB Port neither admit nor deny the allegation that venue is proper with this Court, as it calls for a legal conclusion to which no response is required.  To the extent a response a required, SBP and SB Port admit only that the U.S. District Court for the Southern District of

Florida, Miami Division is the proper venue for Plaintiff's claims.  SBP and SB Port deny the remaining allegations contained in this Paragraph.

16.     SBP and SB Port neither admit nor deny the allegation that this Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, as it calls for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port admit that this Court has original jurisdiction over Plaintiff's federal question claim.  SBP and SB Port deny the remaining allegations contained in this Paragraph.

## RESPONSE TO "FLSA JURISDICTION ALLEGATIONS"

17.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

18.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

19.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

20.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

21.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

22.     Denied.

23.     Denied.

24.     Denied.

25.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

26.     SBP and SB Port lack sufficient knowledge or information to admit or deny the allegation that Plaintiff is currently a Registered Nurse, and therefore deny the same.  SBP and SB Port deny the remaining allegations contained in this Paragraph.

27.     Denied.

28.     SBP and SB Port neither admit nor deny the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

29.     SBP and SB Port lack sufficient knowledge or information to admit or deny the allegation that Plaintiff retained counsel and agreed to pay a reasonable fee for all services rendered, and therefore deny the same.

## RESPONSE TO "LIABILITY ALLEGATIONS"

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

## RESPONSE TO "COUNT I- FLSA OVERTIME VIOLATION (AGAINST NOMI HEALTH, INC.)"

SBP and SB Port re-allege and incorporate by reference their responses to Paragraphs 1 through 35 as if fully set forth herein.

36.     SBP and SB Port do not answer the allegations contained in this Paragraph, as the allegations are not directed against SBP and SB Port.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

37.     SBP and SB Port do not answer the allegations contained in this Paragraph, as the allegations are not directed against SBP and SB Port.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph..

38.     SBP and SB Port do not answer the allegations contained in this Paragraph, as the allegations are not directed against SBP and SB Port.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

39.     SBP and SB Port do not answer the allegations contained in this Paragraph, as the allegations are not directed against SBP and SB Port.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

40.     SBP and SB Port do not answer the allegations contained in this Paragraph, as the allegations are not directed against SBP and SB Port.  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

## RESPONSE TO "COUNT II- FLSA OVERTIME VIOLATION (AGAINST SBP STAFFING AND RECRUITING LLC)"

SBP and SB Port re-allege and incorporate by reference their responses to Paragraphs 1 through 35 as if fully set forth herein.

41.     Denied.

42.     Denied.

43.     The allegations in this Paragraph should be stricken from Plaintiff's Complaint for being "immaterial, impertinent, or scandalous."  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

44.     Denied.

45.     Denied.

## RESPONSE TO "COUNT III- FLSA OVERTIME VIOLATION (AGAINST SB PORT VENTURES LLC)"

SBP and SB Port re-allege and incorporate by reference their responses to Paragraphs 1 through 35 as if fully set forth herein.

46.     Denied.

47.     Denied.

48.     The allegations in this Paragraph should be stricken from Plaintiff's Complaint for being "immaterial, impertinent, or scandalous."  To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

49.     Denied.

50.     Denied.

## RESPONSE TO "COUNT IV- FLSA OVERTIME VIOLATION (AGAINST TRIXIE BELO-OSAGIE)"

SBP and SB Port re-allege and incorporate by reference their responses to Paragraphs 1 through 35 as if fully set forth herein.

51.     Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

52.     Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

53.     Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

54.     Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

55.     Pursuant to Doc. No. 20, Trixie Belo-Osagie has been dismissed from this case and, therefore, the allegations in this Paragraph do not require a response. To the extent a response is required, SBP and SB Port deny the allegations contained in this Paragraph.

## RESPONSE TO "PRAYER FOR RELIEF (ALL COUNTS)"

SBP and SB Port do not believe that a response is required for the unnumbered "WHEREFORE" paragraph, or subparagraphs (a) through (g), following Paragraph 55. However, to the extent a response is required, SBP and SB Port deny that there is any proper basis or cause of action to be brought before this Court and deny that Plaintiff is entitled to any relief from SBP and/or SB Port.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

SBP and SB Port do not believe that the unnumbered demand for a jury trial requires a response, but admit that Plaintiff demands a jury trial on all issues so triable in Plaintiff's Complaint. However, SBP and SB Port deny any liability or wrongdoing, and deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

SBP and SB Port specifically deny each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Complaint that they have not specifically admitted in this pleading. Below, SBP and SB Port assert defenses to which they do not concede that they bear either a burden of proof or persuasion, and state as follows:

## STATEMENT OF DEFENSES

## FIRST DEFENSE

Plaintiff's claims may, in whole or in part, be barred by the applicable Statute of Limitations.

## SECOND DEFENSE

Plaintiff's claims for lost wages and other employment benefits must be reduced by the amount of wages and benefits Plaintiff earned during the period for which lost wages and benefits are sought by Plaintiff.

## THIRD DEFENSE

Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that which is permissible under Federal law, and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

## FOURTH DEFENSE

Plaintiff's claims are be barred by the doctrines of estoppel, waiver, unclean hands and/or laches.  Plaintiff failed to provide any notice to SBP and/or SB Port regarding his belief that they violated the FLSA during his employment and is therefore estopped from asserting a position contrary to that in this case.

## FIFTH DEFENSE

Plaintiff was at all times material hereto properly paid all of his legally-entitled wages.

## SIXTH DEFENSE

To the extent that Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or are barred based on SBP and/or SB Port's good faith efforts to comply with the law.

## SEVENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

## EIGHTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as SBP and SB Port were at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or the relevant state departments of labor or their equivalent agencies.

## NINTH DEFENSE

Any claim for liquidated damages under the FLSA, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as SBP and SB Port were at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

## TENTH DEFENSE

If the facts reveal that Plaintiff was engaged in efforts to alter his own time or pay records, or in any other way violated the established policies of SBP and/or SB Port with regard to employment practices, Plaintiff should be estopped from recovering on his claim.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for time other than compensable working time.

## TWELFTH DEFENSE

Plaintiff's claim is barred, at least in part, for any work performed by Plaintiff getting to and from the actual place of performance of his job duties, and for any other activities preliminary and postliminary to his principle duties.  Such claims are bared to the extent Plaintiff has included the same in his calculation of damages.

## THIRTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by SBP and/or SB Port, any recovery Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by any Defendant to Plaintiff and/or by the value of any amounts of compensation and benefits that Plaintiff would not have otherwise received.

## RESERVATION

SBP and SB Port will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

SBP and/or SB Port are entitled to recover their court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, SBP and SB Port pray that this Court, upon hearing hereof, enter judgment as follows:

1.      Ordering that Plaintiff take nothing by this action;

2.      Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3.      Ordering that judgment be entered in SBP and SB Port's favor;

4.      Awarding SBP and SB Port their attorneys' fees against Plaintiff pursuant to law;

5.      Awarding costs to SBP and SB Port; and

6.      Awarding SBP and SB Port such other relief, both at law and in equity, to which it may show themselves to be justly entitled.


Respectfully submitted this 7th of August, 2023.

Respectfully submitted,

**GRAYROBINSON, P.A.**

*/s/ Fabian A. Ruiz*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Fabian A. Ruiz
Florida Bar No. 117928
fabian.ruiz@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida  33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887
*Counsel for Defendants SBP Staffing and*
*Recruiting LLC and SB Port Ventures LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By: ____*/s/ Fabian A. Ruiz*_____

*Counsel for Defendants SBP Staffing and*
*Recruiting LLC and SB Port Ventures LLC*

#51162304 v1

12