UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-21378-RUIZ/BECERRA

CRAIG BUREY,

    Plaintiff,

vs.

NOMI HEALTH, INC., SB PORT
VENTURES LLC, SBP STAFFING
AND RECRUITING LLC,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

Counsel for Plaintiff, Craig Burey, and for Defendant, Nomi Health, Inc., SB Port Ventures LLC, SBP Staffing and Recruiting LLC, after having met and conferred, submit the following Joint Scheduling Report pursuant to Local Rule 16.1B(2) and this Court's Order entered on May 8, 2023 [ECF No. 10]:

(A)    **The Likelihood of Settlement**

Settlement may be possible in this action seeking unpaid overtime wages (plus liquidated damages, costs, and attorneys' fees) under the Fair Labor Standards Act. The Parties may assess whether settlement is desirable at an appropriate time.

(B)    **The Likelihood of Appearance in the Action of Additional Parties**

Plaintiff is not seeking to certify a class.

(C)    **Proposed Limits on Time**

The Parties respectfully request that the Court set the deadlines outlined in the attached Exhibit A.

(D)    **Proposals for the Formulation and Simplification of Issues, Including the Elimination of**

Frivolous Claims or Defenses, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment.

None at this time.

(E)   The Necessity or Desirability of Amendments to the Pleadings

None anticipated at this time.

(F)   The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things which will Avoid Unnecessary Proof, Stipulations regarding Authenticity of Documents, Electronically Stored Information or Things, and the Need for Advance Rulings from the Court on Admissibility of Evidence

The parties will utilize admissions of fact and stipulations regarding authenticity of documents to avoid unnecessary proof, as appropriate.

(G)   Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence

None other than in (F), above.

(H)   Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.

At this time, the parties only agree to refer discovery disputes to the Magistrate Judge.

(I)   A Preliminary Estimate of the Time Required for Trial.

A Preliminary estimate of the time required for trial is three days by jury.

(J)   Requested Date(s) for Conferences Before Trial, a Final Pretrial Conference and Trial

1. **Trial** – September 16, 2024
2. **Pre-trial Conference** – Wednesday, September 11, 2024, at 9:30 a.m.
3. **Joint Pre-trial Stipulation** – Friday, July 23, 2024
4. **Motion in Limine deadline** – Friday, July 23, 2024
5. **Completion of Mediation** – Friday, April 26, 2024

(K)   Any Issues Regarding:

1. Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced

   The Parties agree that ESI likely exists that is subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf or .tiff format unless specifically

requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

The parties anticipate that certain parties may produce electronically stored information relating to Plaintiff's days and hours worked, email/text communications, and pay in both paper and electronic formats, to the extent it exists. The electronic formats may include those that are capable of being opened by Microsoft Word, Microsoft Excel, and Adobe. With regard to e-mails, text messages, or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on appropriate search parameters, which may include search terms and custodians.  The parties agree that such discussions may be used in connection with any motion to compel.

2. **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

   If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared with respect to all items withheld on the basis of a claim of privilege or work product protection, except the following: written communications between a named party and its trial counsel after commencement of the action filed. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted. A privilege log, however, need not include communications created after the time this lawsuit was filed so long as the party asserting the privilege does not intend to utilize the information at a deposition or in connection with a motion, hearing, or trial.

   If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

   The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

   3. **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

    The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)** **Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

  None at this time, although there are pattern jury instructions applicable to actions for unpaid overtime wages under the FLSA. There is no need for variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of Civil Procedure

Dated this 21st day of August 2023.

| | |
|---|---|
| s/Brian H. Pollock, Esq. | s/Andrew M. McKinley, Esq. |
| Brian H. Pollock, Esq. (174742) | Andrew M. McKinley, Esq. (122069) |
| brian@fairlawattorney.com | amckinley@seyfarth.com |
| FAIRLAW FIRM | SEYFARTH SHAW LLP |
| 135 San Lorenzo Avenue | 1075 Peachtree Street, N.E. |
| Suite 770 | Suite 2500 |
| Coral Gables, FL 33146 | Atlanta, GA  30309 |
| Tel:    305.230.4884 | Tel:  404.885.1500 |
| *Counsel for Plaintiff* | *Counsel for Defendant Nomi Health, Inc.* |

　　　　　　　　　　　　　　　　　s/Fabian A. Ruiz, Esq.
　　　　　　　　　　　　　　　　　Marlene Quintana, B.C.S. (88358)
　　　　　　　　　　　　　　　　　marlene.quintana@gray-robinson.com
　　　　　　　　　　　　　　　　　Fabian A. Ruiz, Esq. (117928)
　　　　　　　　　　　　　　　　　fabian.ruiz@gray-robinson.com
　　　　　　　　　　　　　　　　　333 S.E. 2nd Avenue, Suite 3200
　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　Tel: (305) 416-6880
　　　　　　　　　　　　　　　　　*Counsel for Defendants SBP Staffing and Recruiting LLC and SB Port Ventures LLC*