UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21378-RAR

**CRAIG BUREY**,

      Plaintiff,

v.

**NOMI HEALTH, INC., SBP STAFFING AND RECRUITING LLC, SB PORT VENTURES LLC, TRIXIE BELO-OSAGIE**,

      Defendants.
_____/

### ORDER DENYING JOINT MOTION FOR APPROVAL OF SETTLEMENT AND REQUIRING SUBMISSION OF REVISED SETTLEMENT AGREEMENT FOR COURT APPROVAL

**THIS CAUSE** comes before the Court upon the parties' Joint Motion to Approve Settlement and Dismissal with Prejudice ("Motion"), [ECF No. 38], filed on October 11, 2023. The Motion indicates that the parties have reached a settlement agreement in this case, which alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and requests that the Court approve the parties' settlement agreement. The parties submitted the settlement agreement directly to the Court via email and requested an *in camera* review, [ECF No. 37], which the Court granted, [ECF No. 39]. Upon review, the Court finds that the settlement agreement contains multiple deficiencies.

Before a court may approve a proposed settlement under the FLSA, it must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at

1354.  The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-cv-1805-Orl-35GJK, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Additionally, the parties may not bargain away the right to liquidated damages.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.  When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an *additional equal amount* as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).  The district court is required to review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis added) (citations omitted). "[T]he best way to [e]nsure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."

1354.  The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-cv-1805-Orl-35GJK, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Additionally, the parties may not bargain away the right to liquidated damages.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."); *Lynn's Food Stores*, 679 F.2d at 1353 n.8.  When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an *additional equal amount* as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

The FLSA also requires the award of reasonable attorney's fees to the prevailing employee. *Dale v. Comcast Corp.*, 498 F.3d 1216, 1223 n.12 (11th Cir. 2007).  The district court is required to review the award of attorney's fees for reasonableness to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions . . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis added) (citations omitted). "[T]he best way to [e]nsure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered."

*Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243.

Finally, a proposed FLSA settlement agreement may be rejected as "unreasonable" if it contains confidentiality provisions because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees*, 706 F. Supp. 2d at 1242–43; *see also Hicks v. Vortex Marine Constr., Inc.*, No. 16-cv-1226-Orl-41TBS, 2017 WL 2664361, at *5 (M.D. Fla. May 4, 2017) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements and those provisions are regularly rejected by the courts." (citations omitted)).

Here, the parties' Settlement Agreement and Release of FLSA Claims ("Settlement"), emailed directly to the Court for *in camera* review without being filed on the docket, does not comply with the standards set forth under *Lynn's Food Stores*, and the Court requires the parties to amend the Settlement and supplement the record regarding the following issues:

- The Settlement contains a confidentiality provision that limits Plaintiff's ability to disclose information regarding payments made pursuant to the Settlement. The Court will not permit the Settlement to be filed under seal—it must be filed on the public docket in order to secure Court approval. Thus, this provision must be removed and/or modified to ensure the Settlement complies with the FLSA's legislative purpose.

- While not delineated in the Settlement, the Parties have stipulated that "Plaintiff will receive the full amount of his alleged unpaid overtime wages, plus an equal amount of liquidated damages, such that Plaintiff did not compromise his claim." Mot. at 1. The Settlement itself, however, must specify the breakdown between unpaid wages and liquidated damages.

- The Settlement contains a non-disparagement provision. Courts frequently reject FLSA settlement agreements with non-disparagement provisions unless the plaintiff receives additional consideration for them. *See, e.g.*, *Holley v. Sebek Kirkman LLC*, No. 6:15-cv-1626-Orl-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016), *report and recommendation adopted* 2016 WL 3231232 (M.D. Fla. June 13, 2016). While the provision appears to be the product of negotiation and consideration, the Court requests clarification and confirmation that Plaintiff received additional consideration in exchange for the non-disparagement provision.

- The attorneys' fees and costs do not appear excessive, and the Court acknowledges that the fees and costs identified were negotiated separately. Mot. at 1-2. However, the Court requests that Plaintiff's counsel supply billing records as further confirmation.

Accordingly, based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, [ECF No. 38], is **DENIED** *without prejudice.*

2. On or before **November 1, 2023**, the parties shall file an amended settlement agreement for the undersigned's review and approval that omits the confidentiality provision and specifies the breakdown of unpaid wages and liquidated damages within the settlement agreement. The parties must also provide attorneys' billing records and further clarification on the non-disparagement provision before the Court can approve a revised settlement agreement.

**DONE AND ORDERED** in Miami, Florida, this 12th day of October, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**