UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-21378-RUIZ/BECERRA

CRAIG BUREY,

    Plaintiff,

vs.

NOMI HEALTH, INC.,
SB PORT VENTURES LLC, AND
SBP STAFFING AND RECRUITING LLC,

    Defendants.
_____/

## RENEWED JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Craig Burey, and Defendants, Nomi Health, Inc., SB Port Ventures LLC, SBP Staffing and Recruiting LLC ("Defendants"), hereby file this Renewed Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The Parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), and they respectfully request the Court's review and approval of the Settlement Agreement, which is attached as Exhibit A, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the Parties' Settlement Agreement, Plaintiff will receive the full amount of his alleged unpaid overtime wages ($3,832.26), plus an equal amount of liquidated damages, such that Plaintiff did not compromise his claim. The payment of liquidated and unliquidated damages—and corresponding amounts—are specifically delineated in Section 2 of the Settlement Agreement.

Plaintiff will also receive additional consideration in the amount of $500.00 for the non-wage provisions of the Settlement Agreement. Finally, Plaintiff's counsel will receive the attorney's fees and costs identified in the Settlement Agreement, which amount represents a compromise of the attorney's fees and costs incurred and which were negotiated separately from the amounts to be paid to Mr. Burey.

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1)    *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as all of the Parties were represented by counsel

experienced in FLSA claims.

  (2)  *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

  The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would require all Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The cost of litigation is likely to be exacerbated by the fact that Plaintiff has sued multiple Defendants, which are represented by separate counsel. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

  (3)  *The Parties Resolved this Case at the Appropriate Stage.*

  Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis, and evaluating their respective positions and the costs associated with continued litigation, the Parties decided to resolve this matter.

  (4)  *The Probability of Success on the Merits Supports Settlement.*

  The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Among the issues disputed are whether Plaintiff was properly classified as an independent contractor, whether Plaintiff could establish that Nomi was his joint employer, and whether the Defendants are able to establish a good-faith defense to liquidated damages, among other things. Accordingly, Plaintiff's probability of success on the merits and the uncertainty that he would personally receive any amount further supports the validity, reasonableness, and fairness of the settlement at issue. That is particularly true here, where Plaintiff is receiving the exact amount to which he personally claims an entitlement, and thus has no possibility of receiving a greater amount than that paid under the Settlement Agreement.

(5)     *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants. As discussed above, the recovery under the Settlement Agreement is at the highest possible point in the range of possible recovery.

(6)     *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the Parties agree that the proposed settlement reached by the Parties and reflected in their written Settlement Agreement represents a fair and reasonable resolution of Plaintiff's claim. The Parties also agree that the fee to be paid to Plaintiff's counsel is fair. Plaintiff's counsel compromised the attorney's fees incurred to resolve this case at this juncture. Plaintiff's counsel submits as Exhibit B his billing records supporting the reasonableness of the fees requested.

(7)     *Issues Implicated by the Court's Prior Order*

The Parties further note that the Settlement Agreement has been revised to address each of the issues raised in the Court's October 12, 2023 Order denying settlement approval without prejudice.

*First*, the language in the Settlement Agreement requesting *in camera* review has been removed. The Parties are submitting the Settlement Agreement in connection with this motion, and thus it will be part of the public docket for approval purposes. Although a limited confidentiality clause is in the Settlement Agreement, it permits all submissions and disclosures necessary to obtain approval from the Court. Courts "frequently approve" FLSA settlement agreements "where the plaintiff is receiving full compensation of his or her FLSA claim, as well as additional consideration for a general release, confidentiality provision, and other clauses." *Garcia v. B&B Trucking Servs.,*

*Inc.*, No. 5:17-cv-111-Oc-PGBPRL, 2017 WL 3207227, at *2 (M.D. Fla. July 12, 2017), *R&R adopted by*, 2017 WL 3193668 (M.D. Fla. July 27, 2017); *accord, e.g.*, *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving settlement where plaintiff received full compensation and additional consideration for a confidentiality provision). Here, the Settlement Agreement specifically delineates $500.00 for these non-wage provisions, on top of the full FLSA compensation provided.

*Second,* the Settlement Agreement specifies the breakdown of the amounts being paid in settlement of the claims for allegedly unpaid wages and liquidated damages—$3,832.26 each.

*Third*, the Parties confirm—and the Settlement Agreement reflects—that Plaintiff will receive an additional $500.00 as consideration for the non-wage provisions in the agreement, including the non-disparagement provision. Given that Plaintiff has received all amounts claimed, the additional $500.00 is the product of separate negotiation and consideration, and could not have caused Plaintiff to compromise his claim (because he did not compromise his claim).*Finally*, as requested by the Court, Plaintiff's counsel has attached his billing records to confirm the reasonableness of the fees that would be recovered under the Settlement Agreement.

## CONCLUSION

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the attorney's fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 1st day of November 2023.

| | |
|---|---|
| */s/ Brian H. Pollock* | */s/ Fabian A. Ruiz* |
| Brian H. Pollock | Marlene Quintana, B.C.S. |
| Fla. Bar No. 174742 | Florida Bar No. 88358 |
| brian@fairlawattorney.com | marlene.quintana@gray-robinson.com |
| **FAIRLAW FIRM** | Fabian A. Ruiz |
| 135 San Lorenzo Avenue Suite 770 | Florida Bar No. 117928 |
| Coral Gables, Florida 33146 Telephone: | fabian.ruiz@gray-robinson.com |
| (305) 230-4884 | **GRAYROBINSON, P.A.** |
| Fax: (305) 230-4844 | 333 S.E. 2nd Avenue, Suite 3200 |
| *Counsel for Plaintiff* | Miami, Florida 33131 |
| | Telephone: (305) 416-6880 |
| | Facsimile: (305) 416-6887 |
| | *Counsel for Defendants SBP Staffing and Recruiting LLC and SB Port Ventures LLC* |

*/s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
amckinley@seyfarth.com
1075 Peachtree Street, NE Suite 2500
Atlanta, GA 30309-3962
Telephone: (404) 704-9665
Facsimile: (404) 892-7056
*Counsel for Defendant Nomi Health, Inc.*